**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JOSE LUIS MATA,**

        **Petitioner,**

**v.**                                                  **Civil Action No.: 3:23-CV-112**
                                                        **(GROH)**

**R. BROWN,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On April 28, 2023, the Petitioner, an inmate at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") challenging his sentence. ECF No. 1.[1] On June 5, 2023, the Petitioner refiled his petition on the Court-approved form. ECF No. 8. The Petitioner paid the filing fee on July 13, 2023. ECF No. 12.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice as to Claim One, and without prejudice as to Claims Two and Three.

---

[1] ECF Numbers cited herein refer to case number 3:23-CV-112 unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Conviction and Sentence in the Eastern District of New York[2]

On July 24, 2007, an indictment was returned in case number 1:07-CR-597 in the Eastern District of New York. ECF No. 7. The indictment charged Petitioner with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, for conduct that occurred in May 2007 and June 2007. ECF Nos. 1, 7. Petitioner entered a guilty plea to the indictment on November 30, 2007. ECF No. 23. On April 29, 2008[3], the Petitioner was sentenced to 60 months of imprisonment. ECF No. 33.

### B.   Conviction and Sentence in the Southern District of New York[4]

On June 13, 2012, a superseding information was filed in case number 1:11-CR-435 in the Southern District of New York, for conduct that occurred on or about December 29, 2003. ECF No. 30. The superseding information charged Petitioner: (1) in Count 1 with conspiracy to commit Hobbs Act robbery[5], in violation of 18 U.S.C. § 1951; and (2) in Count 2 with being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(g)(1). Id. Petitioner entered a guilty plea to the superseding information on June 13, 2012. ECF No. 67 at 4:14 – 19.

---

[2]  Throughout section II.A., all ECF numbers refer to entries in the docket of Criminal Action No. 1:07-CR-597 in the Eastern District of New York. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3]  Although sentence was imposed on April 29, 2008, the judgment was not entered by the Court until April 30, 2008, or filed by the Clerk until May 7, 2008. ECF No. 33.

[4]  Throughout section II.B., all ECF numbers refer to entries in the docket of Criminal Action No. 1:11-CR-435 in the Southern District of New York.

[5]  The information charged that "during and in furtherance of this Hobbs Act robbery conspiracy, MATA shot and killed Jose Peralta in New York, New York." ECF No. 30 at 1.

On March 28, 2014[6], the Petitioner was sentenced to an aggregate sentence of 360 months, comprised of 240 months for Count 1 and 120 months for Count 2, with those sentences to be served consecutively to one another. ECF No. 65.

In a prior habeas proceeding, which is detailed below, the Respondent filed a motion to dismiss which further detailed Petitioner's crimes and convictions in New York. On March 16, 2004, Petitioner was arrested in Teaneck, New Jersey, for criminal trespass and unlawful possession of a weapon, in case number W605545,[7] and for a parole violation in New York, case number 7188152R. N.D.W.V. 3:21-CV-60, ECF No. 15-1 at 2, 8. Petitioner was released by New Jersey authorities to New York Parole and Probation on April 6, 2004. Id. at 3. On June 14, 2004, the New York Parole Board revoked Petitioner's parole and returned him to the New York Department of Corrections, where he was granted credit toward his state sentence, starting on the date he entered New York custody on April 6, 2004. Id. at 3, 12. Petitioner was released from New York state custody on April 29, 2005. Id.

On June 26, 2007, Petitioner was arrested by federal authorities related to the indictment later returned in case number 1:07-CR-597 in the Eastern District of New York. Id. at 3, 16. Petitioner received a 60-month sentence in 1:07-CR-597, which was imposed on April 29, 2008. Id. at 3, 24. Petitioner satisfied that sentence on November 2, 2011, and was released to the USMS for the pending charges in the Southern District of New York in 1:11-CR-435. Id. at 3, 35 – 36.

_____

[6] Although sentence was imposed on March 28, 2014, the judgment was not entered by the Court until April 2, 2014, or filed by the Clerk until April 3, 2014. ECF No. 65.

[7] The Teaneck, New Jersey municipal charges were dismissed on April 27, 2004. ECF No. 15-1 at 3.

3

Petitioner's 360-month sentence imposed in the Southern District of New York in 1:11-CR-435 commenced on March 28, 2014, the date the sentence was imposed. Id. at 3, 38. Petitioner received 897 days of prior credit toward the 360-month sentence for the following time periods: (1) from March 16, 2004 through April 5, 2004, when he was in the custody of New Jersey state authorities; and (2) from November 3, 2011, through March 27, 2014, when he was in the custody of the United States Marshals Service prior to imposition of sentence in 1:11-CR-435. Id. at 3 – 4, 47.

### C.   Prior Petitions for Habeas Corpus

On April 22, 2021, the Petitioner filed the Court-approved form for a petition for habeas corpus under 28 U.S.C. § 2241 in this Court. 3:21-CV-60, ECF No. 1. Therein, the Petitioner challenged the calculation of his sentence. Id. at 5. Petitioner claims that he was "refused credit for time in continued custody due to [the] same course of conduct." Id. The Petitioner asserts that "the investigation [in Southern District of New York] issued before and during [his] incarceration and did not cease till 11-CR-435." Id. The Petitioner asked the Court to order that his sentence in 1:11-CR-435 be properly calculated and credit him with his time spent in custody for 1:07-CR-597, starting on June 26, 2007. 3:21-CV-60, ECF Nos. 1 at 8; 1-1 at 1, 5.

A Report and Recommendation filed on November 12, 2021, recommended that the petition be dismissed with prejudice because the Petitioner's sentence was properly calculated, and the Petitioner properly received all custody credit to which he was entitled. 3:21-CV-60, ECF No. 20. On December 15, 2021, the District Court adopted the Report and Recommendation. 3:21-CV-60, ECF No. 22.

**D.     Instant Petition for Habeas Corpus Under § 2241**

**1.     The Petition for Habeas Corpus**

Although the Petitioner articulates only two claims for relief related to the computation of his sentence, a review of the Court-approved form and additional pages shows that the Petitioner states three claims for relief.

First, the Petitioner contends that the Bureau of Prisons (BOP) has failed to properly grant him time credit for his 2007 federal drug conviction and five-year sentence in 1:07-CR-597 in the Eastern District of New York. ECF No. 8 at 1, 5 – 8. The Petitioner claims that 2007 case for which he received a five-year sentence, which he discharged in 2011, occurred later in time than the crimes charged in the 2011 indictment. The Petitioner contends that the two cases could have been brought under a single indictment, "with temporal overlap," but that prosecutors intentionally delayed bringing the 2003 charges until 2011 to gain an advantage. Id. at 8.

Second, the Petitioner argues that the sentencing court in 1:11-CR-435 in the Southern District of New York improperly enhanced the base level for his conviction of Hobbs Act robbery conspiracy based on an uncharged homicide committed by the Petitioner, instead of enhancing his conviction for being a felon in possession of a firearm. Id. at 9.

Third, according to the Petitioner, he received ineffective assistance of counsel when his then-lawyer recommended a plea agreement in the 2011 case without resolving whether the uncharged homicide could be used to enhance the Petitioner's base offense level for Hobbs Act robbery or for being a felon in possession. Id. at 10.

As relief, the Petitioner requests that the Court: (1) vacate and set aside his

5

sentences; (2) order that he be resentenced with the murder enhancement applied to only the § 922(g) conviction; and (3) direct the BOP to grant him credit towards his 2011 conviction for the five-year sentence served in his 2007 case. ECF No. 8 at 12.

### 2. The Respondent's Motion to Dismiss or for Summary Judgment

On August 14, 2023, the Respondent filed a motion to dismiss or for summary judgment, an accompanying memorandum, and exhibits. ECF Nos. 16, 17, 17-1 through 17-3. In the memorandum the Respondent argued that: (1) Claim One should be dismissed on the grounds of res judicata because the Petitioner previously advanced the same arguments in 3:21-CV-60, which were ruled on by this Court [ECF No. 17 at 5]; (2) Claims Two and Three are outside the jurisdiction for § 2241 claims, and instead must be considered by the district court of conviction [Id. at 6].

### 3. The Petitioner's Response

The Petitioner filed a response in opposition to the motion to dismiss or for summary judgment, along with an exhibit[8] thereto on September 6, 2023. ECF Nos. 22, 22-1. The response argues that the BOP is abusing its discretion by failing to grant the Petitioner credit toward his current sentence from his prior five-year controlled substance sentence, because the government intentionally delayed its prosecution for Hobbs Act robbery until after the Petitioner satisfied his sentence for distribution of a controlled substance. ECF No. 22 at 1 – 5. The Petitioner further argues that he received ineffective assistance of counsel in relation to plea negotiations and his counsel's investigation of the underlying charge, which resulted in his current 30-year sentence. Id. at 2, 8 – 10. Finally, the Petitioner contends that his Hobbs Act robbery sentence was improperly

---

[8] The Exhibit is a copy of the form titled "New York City Police Department Omniform System – Arrests" for arrest ID M03661629-R which occurred on August 23, 2003. ECF No. 22-1.

enhanced, "based on an uncharged homicide," in violation of his Fifth and Sixth Amendment rights. Id. at 10 – 12.

### 4. The Respondent's Reply

On September 18, 2023, the Respondent filed a reply which stood upon the facts and arguments previously asserted in the motion to dismiss or for summary judgment. ECF No. 24.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[9] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.   Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

---

[9] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**D.      Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than

conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

**E.    Motions for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to

the nonmoving party. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

In <u>Celotex</u>, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." <u>Anderson</u>, <u>supra</u>, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Id.</u> at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id.</u> "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must

consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. <u>Anderson</u>, <u>supra</u>, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita</u>, <u>supra</u>, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Id.</u> citing <u>First Ntl. Bank of Ariz. v. Cities Service Co.</u>, 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See <u>Miller v. Fed. Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. <u>Matsushita</u>, <u>supra</u>, at 587-88. <u>Anderson</u>, <u>supra</u>, at 248-49.

## IV.    ANALYSIS

### A.    Claim One is Barred by 28 U.S.C. § 2244(a) and the Doctrine of Res Judicata

The Petitioner's first argument is the same argument which he previously asserted in a § 2241 petition in this district, case number 3:21-CR-60. There, on December 15, 2021, the District Court adopted the November 12, 2021, Report and Recommendation, and denied and dismissed with prejudice the petition for habeas corpus. ECF Nos. 20, 22.

The Respondent correctly argues that under the provision of 28 U.S.C. § 2244(a), the Petitioner is not entitled to relief on Claim One:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the

> United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Shortly after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Supreme Court held that, "[t]he new restrictions [of the AEDPA] on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ." Felker v. Turpin, 518 U.S. 651, 664, 116 S. Ct. 2333, 2340 (1996); see Jones v. Hendrix, 499 U.S. 465, 143 S.Ct. 1857 (2023). By filing the present petition, the Petitioner is seeking to relitigate an issue previously decided, and accordingly, is guilty of "abuse of the writ."

Pursuant to 28 U.S.C. § 2244(a), this Court is not required to consider Claim One of the instant habeas petition filed by the Petitioner, because he challenges his federal custody on the same ground which he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. Accordingly, the undersigned **RECOMMENDS** that Claim One of this petition be dismissed with prejudice because, relief is barred under the statute, and the modified res judicata rule.

### B.     This Court is Without Jurisdiction to Address Claims Two and Three

The issues raised in the Petitioner's Claims Two and Three seek to vacate the Petitioner's conviction and 360-month sentence imposed in the Southern District of New York, case number 1:11-CR-435. See ECF No. 8.

A case must be dismissed if a petitioner does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (applying the Twombly standard and emphasizing the necessity of *plausibility*). Further, in proceedings

13

where the prisoner appears in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under 28 U.S.C. § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus pursuant to § 2241 is generally intended to address the execution of a sentence and should be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

Although § 2255 expressly prohibits a prisoner from challenging their conviction or the imposition of their sentence through a § 2241 petition, there is nonetheless a "savings clause" that permits an otherwise prohibited challenge under § 2241 if they show § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar, (2) the prohibition against successive petitions, or (3) a procedural bar from failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Supreme Court held in Jones v. Hendrix, 599 U.S. 465, 143 S.Ct. 1857 (2023), that a petitioner cannot use a § 2241 petition to mount a successive collateral attack on the validity of a federal sentence. See also Hall v. Hudgins, 2023 WL 436358 (4th Cir. 2023).

The Supreme Court's decision in Hendrix invalidates the tests previously established by the Fourth Circuit for a petitioner to challenge the legality of his conviction

or sentence. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) and United States v. Wheeler, 886 F.3d 415,428 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) saving clause must strictly meet the statutory test for this court to have subject matter jurisdiction. Absent subject matter jurisdiction, there is nothing left for the Court to do but dismiss a case.

Here, the Petitioner alleges that he is entitled to relief because, as alleged in Claim Two, his sentence for Hobbs Act robbery was improperly enhanced, and as alleged in Claim Three, he received ineffective assistance of counsel in his plea negotiations. ECF No. 8 at 5 – 10. As relief, the Petitioner requests that the Court vacate and set aside his sentence in the Southern District of New York, and resentence him without the murder enhancement applied to his § 922(g) conviction. Id. at 12.

The Petitioner does not rely on newly discovered evidence or a new rule of constitutional law. Thus, relief under 28 U.S.C. § 2255(h) is inappropriate. For the Petitioner to obtain relief under § 2241, he must rely on the narrowly tailored application of § 2255(e). The Petitioner cannot meet this limited exception.

Because the Petitioner cannot satisfy § 2255(e), his Claims Two and Three may not be considered under § 2241, and this Court is without jurisdiction to consider those claims in the Petition. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

This Court lacks subject matter jurisdiction as to Claims Two and Three. Therefore, the undersigned **RECOMMENDS** that the Petitioner's § 2241 Petition [ECF No. 8] be

**DENIED AND DISMISSED WITHOUT PREJUDICE** as to those claims.

## V.  RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 8] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE as to Claim One and WITHOUT PREJUDICE as to Claims Two and Three**. It is further **RECOMMENDED** that Respondent's motion to dismiss or for summary judgment [ECF No. 16] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the

*pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

       DATED:      October 19, 2023

                    /s/ *Robert W. Trumble*
                    ROBERT W. TRUMBLE
                    UNITED STATES MAGISTRATE JUDGE