IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JOSE LUIS MATA,**

      Petitioner,

v.                                  **CIVIL ACTION NO.: 3:23-CV-112 (GROH)**

**R. BROWN,**

      Respondent.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

      Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 27. Pursuant to the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. In his R&R, Magistrate Judge Trumble recommends (1) the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 8] be denied and dismissed with prejudice and (2) the Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [ECF No. 16] be granted. ECF No. 27 at 16. After being granted an extension of time by this Court [ECF No. 30], the Petitioner filed his objections to the R&R. ECF No. 32. Accordingly, this matter is now ripe for adjudication.

**I.   Background**

      On June 5, 2023, the Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, asserting three claims for relief. See ECF No. 8 at 10–11. First, the

Petitioner asserts the Bureau of Prisons ("BOP") arbitrarily denied him credit for time served related to a prior conviction "involving the same type of offense and conduct involved." Id. at 10. Second, the Petitioner alleges the district court erroneously applied a sentencing enhancement based upon an uncharged homicide. See id. at 11. Third, the Petitioner avers he received ineffective assistance of counsel when "defense counsel recommended for the [P]etitioner to enter a guilty plea without resolving whether the homicide could be used to enhance the [P]etitioner's base offense level." Id. at 11(a).

Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein.

## II. Legal Standards

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten

pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260–61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe

that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. Analysis

In his filing [ECF No. 32], the Petitioner raises one substantive objection to the magistrate judge's R&R. Specifically, the Petitioner argues that the doctrine of res judicata is inapplicable to Claim One of his Petition because he is actually innocent of the homicide underlying his sentencing enhancement. ECF No. 32 at 1–5 (citing Alaimalo v. U.S., 645 F.3d 1042 (9th Cir. 2011)).

The Petitioner's reliance on Alaimalo is misplaced. Here, the magistrate judge's R&R recommends dismissal of Claim One pursuant to the "abuse of the writ" doctrine, arguing, because the Petitioner "challenges his federal custody on the same ground which he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim," he "is guilty of 'abuse of the writ.'" ECF No. 27 at 12–13. The court in Alaimalo, however, explicitly did not reach the issue of the "abuse of the writ" doctrine because the government failed to plead it. Alaimalo, 645 F.3d at 1049. Moreover, and unlike Alaimalo, the Petitioner does not point to any intervening change in the law between his prior petition and the present one to support an argument that his claim was previously unavailable to him. Id. at 1047. Therefore, because "no district court is required to entertain a habeas petition inquiring into the detention of a person [. . .] if it appears that 'the legality of such detention has been determined [. . .] on a prior application for a writ of habeas corpus,'" the Petitioner's objection is **OVERRULED**.

## IV. Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 27] should be, and is hereby, **ORDERED ADOPTED**. For the reasons more fully stated in the R&R, it is **ORDERED** that the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 8] be **DENIED AND DISMISSED WITH PREJUDICE as to Claim One and WITHOUT PREJUDICE as to Claims Two and Three**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: December 21, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE

5